UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Antonio Hughs, ) | | |
| ) | C/A No.: 6:10-cv-70240-GRA | |
| Petitioner, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | (Written Opinion) | |
| ) | | |
| United States of America, ) | | |
| ) | | |
| Respondent. ) | | |
| _____) | | |

This matter is before the Court on petition of Antonio Hughs's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] The Government has filed a Response and a Motion for Summary Judgment. For the reasons set forth below, Petitioner's Motion is DISMISSED as untimely and Respondent's Motion for Summary Judgment is GRANTED.

### Background

On August 12, 2003, Petitioner was named in a multiple count Superseding Indictment. In Count One, Petitioner was charged with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and 100 kilograms or more of marijuana, in violation of 21

---

[1] This petition was originally filed under Petitioner's criminal case number, Cr. No. 6:03-cr-00703-GRA-12.

U.S.C. §§ 841(a)(1), 841 (b)(1)(A), and 846. Petitioner entered a plea of guilty as to the marijuana only. (Tr. of Guilty Plea 44:9–12, Oct. 27, 2004, ECF No. 726.)

On October 27, 2004, Petitioner, represented by attorney Patrick Mangrum, entered into a plea agreement with the Government. The plea agreement included an appellate waiver. On October 27, 2004, Petitioner entered a plea of guilty to Count One. This Court sentenced Petitioner to the minimum sentence under the guidelines—151 months imprisonment and 3 years of supervised release—on January 10, 2005.

Petitioner did not file a direct appeal. Petitioner filed this *pro se* § 2255 Motion on August 19, 2010. On August 31, 2010, this Court ordered the Government to file a response to the Motion. On September 1, 2010, the Government filed a Motion for Extension of Time, which the Court later granted. The Government responded to Petitioner's Motion on October 28, 2010, and filed a Motion for Summary Judgment on the same day. This Court mailed an explanation of the summary judgment procedure, known as a *Roseboro* Order,[2] to Petitioner on October 29, 2010. Petitioner filed a response to the Summary Judgment Motion on December 15, 2010.

---

[2] Before entering summary judgment against a petitioner who is proceeding *pro se*, the Court must provide the petitioner with fair notice of the requirements of the summary judgment rule. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam).

## Standard of Review

### *Pro Se*

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). However, a district court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

### *Summary Judgment*

Summary judgment for the Government is appropriate where the admissible evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Staples, Inc.* 372 F.3d 662, 667 (4th Cir. 2004) (citing Fed. R. Civ. P. 56(c)). The Court must view the facts in the light most favorable to the party opposing summary judgment, and it may not make credibility determinations or weigh the evidence. *Id.* (citing *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir. 2002)). However, an issue of fact is "material" only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "Indeed, to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial." *Hill v. O'Brien*, No. 09-6823, 2010 WL 2748807, at *2 (4th Cir. July 12, 2010) (citing Fed.R.Civ.P. 56(e)(2); *see Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002)).

### *28 U.S.C. Section 2255*

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Pursuant to the Rules Governing Section 2255 Cases in the United States District Courts, a sentencing court must promptly examine "the motion, any attached exhibits, and the record of the prior proceedings" to determine if the moving party is entitled to relief. R. 4(b). If the motion is not dismissed after this initial review, the Court must order the Government to file a response. *Id.* The Court then reviews all materials submitted by the parties and determines whether an evidentiary hearing is necessary. R. 8(a). The Court does not need to hold an evidentiary hearing if the motion and "the files and records conclusively show that the prisoner is entitled to no relief." *Raines v. United States*, 423 F.2d 526, 529

(4th Cir. 1970); *see also* 28 U.S.C. § 2255(b) ("Unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . .").

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA amended § 2255, imposing a one year statute of limitations period for filing a motion to vacate. According to the amended § 2255:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) *the date on which the judgment of conviction becomes final*;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) *the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence*.

*See* 28 U.S.C. § 2255(f) (emphasis added).[3]

## Analysis

---

[3] Nothing in the record supports grounds stated in § 2255(f)(2) & (3), and Petitioner has not argued either of those grounds.

A. Timeliness of Petition from
the Date on Which the Judgment of Conviction Became Final

As stated above, Petitioner did not file a direct appeal.  Therefore, Petitioner's sentence became final when the time for filing a direct appeal expired.  *See United States v. Johnson*, No. 99-7005, 2000 WL 37753, at *1 (4th Cir. Jan. 19, 2000) (table) (per curiam).  Petitioner's Amended Judgment was entered on February 7, 2005.  *See* Fed. R. App. P. 4(b)(1)(A)(I) & 4(b)(6) ("A judgment . . . is entered for purposes of this Rule . . . when it is entered on the criminal docket.").  The 2005 version of Federal Rule of Procedure 4(b) provided that "a defendant's notice of appeal must be filed in the district court within 10 days after the . . . entry of . . . the judgment . . . being appealed . . . ."  Therefore, Petitioner's conviction and sentence became final, for purposes of filing a motion pursuant to § 2255, on February 17, 2005.  To file a timely § 2255, Petitioner needed to file this Motion by February 17, 2006.

Petitioner filed this Motion on August 19, 2010, more than four years past the deadline.  And, while the limitations period is considered an affirmative defense, and the Government did not raise it in its Reply, this Court has the power to consider affirmative defenses *sua sponte*.  *Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002); *accord Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006).  However, "[w]hen the court finds that a *pro se* motion pursuant to § 2255 is untimely and the government has not moved to dismiss on that basis, the court

must warn the prisoner that his case is subject to dismissal 'unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles.'" *Flores v. United States*, No. 1:05-cr-32-2, 2010 WL 3122666, at *2 (W.D.N.C. Aug. 9, 2010) (quoting *United States v. Sosa*, 364 F.3d 507, 510 (4th Cir. 2004)); *see also Hill*, 277 F.3d 701, 707 (holding the same).

In response to the notice requirement laid out in *Hill* and *Sosa*, the Administrative Office of the Courts modified the § 2255 motion forms in December 2004. *See Flores*, 2010 WL 3122666, at *2. The new form now states as follows: "18. TIMELINESS OF MOTION: If your judgment of conviction became final over a year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." (Mot. 12 ¶ 18, ECF No. 720.) In response to Question 18 of the form, Petitioner typed:

> This is a timely filed petition . . . . On October 1, 2009[,] United States Court of Appeals for the Fourth Circuit notified Petitioner that trial [c]ounsel did not file an [a]ppeal after he was instructed to. Therefore, this Petition is filed within . . . one-year of the date of Petitioner's final[] notice of his conviction, as required by the AEDPA (1996).

(*Id.*)

In his supporting brief, Petitioner states that the Motion is "within one-year of the Court of Appeals for the Fourth Circuit['s] unpublished ruling dated June 3, 2010, as required by the [AEDPA]." (Br. in Supp. 1, ECF No. 720-1.) Petitioner further states that

> [a]fter instructing trial counsel to file an appeal and having heard nothing, Petitioner wrote a letter to the Court of Appeals for the Fourth Circuit inquiring about the status of his appeal. In a letter dated October 1, 2009, the Court informed Petitioner that the record does not indicate an appeal was filed on his behalf.

(*Id.* at 2.) Finally, Petitioner states that he

> specifically requested that counsel submit a notice for an appeal . . . . after hearing nothing, Petitioner contacted[,] via mail, the clerk of the United States Court of Appeals for the Fourth Circuit and enlisted a third party to review Pacer to see if an appeal was noted on his behalf. . . . After discovering that counsel failed to file the specifically requested Notice of Appeal, Petitioner submitted a request for [a] copy of his docket sheet and records to this Court . . . . [this] proves that Petitioner exhibited due diligence, which should at a minimum be sufficient for this court to either vacate Petitioner's [s]entence and reimpose the judgment . . . or to conduct an evidentiary hearing . . . .

(*Id.* at 5–6.)

Petitioner's answer to Question 18 and his associated statements in his Brief in Support of his Motion demonstrate that Petitioner understood that he needed to explain why his Motion was not filed in a timely manner and that he needed to explain to the Court why it should not dismiss the Motion as untimely. Therefore, the Court finds that Petitioner was provided sufficient notice and opportunity to respond. *See Flores*, 2010 WL 3122666, at *2 (holding the same after noting that Question 18 was added to the § 2255 motion form to comply with *Hill*'s notice requirement).

### B. Timeliness of Petition from the Date on Which Facts Supporting the Claims Presented Could Have Been Discovered Through the Exercise of Due Diligence

Petitioner's statements in his response to Question 18 and in his Brief suggest that Petitioner was unaware of his counsel's failure to file an appeal until October 2009. Even assuming this is true, under § 2255(f)(4) Petitioner must show that he could only have discovered this knowledge, with due diligence, within one year of his filing this Motion.

Petitioner was informed by this Court at sentencing that he had ten days to appeal. (Tr. of Sentencing Hr'g 7:17–22, Jan. 10, 2005, ECF No. 727.) Despite knowing that his notice of appeal needed to be filed with the court within ten days, Petitioner waited over four years after he was sentenced before he contacted the Court about his "pending" appeal. Petitioner's own correspondence with the Court of Appeals shows 1) that Petitioner knew how to contact the court and 2) the ease in which Petitioner learned that he did not have an appeal pending. (*See* Mot., Attach. 1, ECF No. 720-3.) Petitioner did not exercise due diligence; therefore, the one year deadline is correctly measured from the date on which the judgment of conviction became final, and Petitioner's Motion is untimely.

### C. Equitable Tolling

Additionally, the Court finds that equitable tolling does not apply in this case. In order to show that equitable tolling applies in his case, Petitioner bears the burden of establishing "two elements: (1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Sosa*, 364 F.3d at 512 (describing the test for equitable tolling as requiring a petitioner to present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003))). "'[E]quitable tolling is available only in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Flores*, 2010 WL 3122666, at *4 (quoting *Sosa*, 364 F.3d at 512). Petitioner has not met that standard.

First, Petitioner asks this Court to "either vacate [his] sentence and reimpose it a new [sic], allowing [him] to file a timely Notice of Appeal, or[,] at a minimum[,] order an evidentiary hearing in the ma[tt]er" based on ineffective assistance of counsel. (Br. in Supp. 6, ECF No. 720-1.) Second, he asks the Court to set aside his conviction based on ineffective assistance of counsel. (*Id.* 9–10.)

Petitioner asserts that his counsel was ineffective by (1) failing to file a notice of appeal when expressly ordered to do so; (2) failing to investigate and object to the incorrect, "estimated amount of Marijuana attributed to Petitioner" in the presentence report (*id.* at 8), specifically, failing to object to "Petitioner's offense level [being increased] for the amount of drugs attributable to the whole conspiracy" (*id.*); (3) failing to object to Petitioner not receiving a decrease in his

offense level due to his being a "minimum participant" (*id.*); and (4) failing to object to Petitioner's Career Offender status and corresponding offense level increase[4] despite Petitioner requesting he do so (*id.* at 8–10). Finally, Petitioner asserts that his attorney was ineffective by failing to "'properly' object to, and appeal[,] the cumulative effect of the multiple errors in this case," and asks this Court to conduct a cumulative error analysis. (*Id.* at 10.)

If, as Petitioner claims, his attorney failed to object to the presentence report at the sentencing hearing, then Petitioner was aware of his counsel's failures as of the date of sentencing and could have pursued those claims through a § 2255 motion at any time. Petitioner may not have known that he could file a § 2255 motion prior to filing for an appeal, but "ignorance of the law is not a basis for equitable tolling." *Sosa*, 364 F.3d at 512. Additionally, as discussed in Section B above, even if Petitioner's attorney did fail to file a notice of appeal as instructed, the Court finds that Petitioner failed to act with due diligence. This is not one of "'those rare instances where . . . it would be unconscionable to enforce the

---

[4] Petitioner argues that his counsel was ineffective in not objecting to "all the sentencing factors"—specifically, not objecting to the enhancement factors (*Br. in Supp.* 8) or offense level increase (*id.* at 9)—despite Petitioner requesting he do so (*id.* at 8). He also argues that "it is manifestly unjust to use Petitioner's instant offense as a predicate qualifying offense to trigger the sentence enhancement, without first putting the government to the challenge of proof 'beyond a reasonable doubt.'" (*Id.* at 10.) The Court interprets these statements as allegations that his attorney failed to object to Petitioner's Career Offender status, which resulted in his offense level being increased.

limitation period against the party.'" *Flores*, 2010 WL 3122666, at *4 (quoting *Sosa*, 364 F.3d at 512).

Petitioner has failed to show that he acted with due diligence in pursuing his rights or that some extraordinary circumstance stood in his way. The Court has thoroughly reviewed the motions, files, and records in this case in a light most favorable to Petitioner and finds that a hearing is not necessary because the record conclusively shows that Petitioner is entitled to no relief. Therefore, Petitioner's Motion is dismissed as untimely, and the Government's Motion for Summary Judgment is granted.

IT IS THEREFORE ORDERED that Petitioner's § 2255 Motion be DISMISSED and that Respondent's Motion for Summary Judgment be GRANTED.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

January 7, 2011
Anderson, South Carolina

**CERTIFICATE OF APPEALABILITY**[5]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

---

[5] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, R. 11(a); 28 U.S.C. § 2255, R. 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See United States v. Haynes*, 354 F. App'x 763 (4th Cir. 2009) (per curiam).